IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HWC WIRE & CABLE COMPANY  :
                          :
   v.                     :  Civil Action No. DKC 10-0731
                          :
MIRANT MID-ATLANTIC, LLC  :

* * * * * * *

HWC WIRE & CABLE COMPANY  :
                          :
   v.                     :  Civil Action No. DKC 10-0735
                          :
MIRANT MID-ATLANTIC, LLC  :

* * * * * * *

HWC WIRE & CABLE COMPANY  :
                          :
   v.                     :  Civil Action No. DKC 10-0898
                          :
MIRANT CHALK POINT, LLC   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in these mechanic's lien cases are Plaintiff's motions to remand and for costs. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motions to remand and for costs will be denied.

**I. Background**

Plaintiff HWC Wire and Cable Company is a Texas corporation with its principal place of business in Texas. Defendants are Delaware corporations, wholly owned by Mirant Americas, Inc., whose principal place of business is in Georgia. Plaintiff alleges that it provided materials to general contractors, who are not parties to these lawsuits, for construction projects on Defendants' properties. (Papers 2 ¶ 6). Plaintiff asserts that it was not compensated for the materials. (*Id*. at ¶ 9). On or about February 19, 2010, Plaintiff commenced these mechanic's lien actions against Defendant Mirant Mid-Atlantic, LLC in the Circuit Courts for Charles County and Montgomery County, Maryland, and Defendant Mirant Chalk Point, LLC in the Circuit Court for Prince George's County, Maryland. On March 24, 2010, Defendants removed the cases to this court on the basis of diversity jurisdiction. (Papers 1). Plaintiff filed motions to remand and for costs. (DKC 10-0731, Paper 11; DKC 10-0735, Paper 11; DKC 10-0898, Paper 10).

**II. Motion to Remand and for Costs**

It is well settled that the removing party bears the burden of proving proper removal. *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519 (D.Md. 2002)(citing *Mulcahey v. Columbia Organic*

*Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701-02 (D.Md. 1997)(internal quotation marks omitted); *see also Mulcahey*, 29 F.3d at 151.

Plaintiff contends that these cases should be remanded because Maryland's mechanic's lien statute, Md. Code Ann., Real Prop. § 9-101, precludes the exercise of jurisdiction by this court by granting Maryland circuit courts exclusive jurisdiction to adjudicate mechanic's lien claims. Plaintiff also argues that, under the doctrine set out in *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456 (1939) (the "*Princess Lida*" Doctrine), this court must abstain from exercising jurisdiction over these *in rem* proceedings because the Maryland circuit courts have already exercised jurisdiction over the properties in question. Finally, in its reply brief, Plaintiff maintains that this court should abstain from deciding these actions under

the abstention doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).[1]

Defendants respond that Maryland's mechanic's lien statute cannot divest this court of its original jurisdiction. Defendants further assert that the *Princess Lida* doctrine is inapplicable in these cases because there are no parallel suits in state court. Finally, Defendants argue that this court should not abstain under the *Burford* doctrine because these claims do not implicate complex or sensitive areas of state law.

Removal jurisdiction is proper only if the action originally could have been brought in the district court. *Caudill v. Blue Cross & Blue Shield of N.C.*, 999 F.2d 74 (4th Cir. 1993). The removal statute states:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts

---

[1] The general rule in federal courts is that an argument raised for the first time in a reply brief will not be considered. *Clawson v. FedEx Ground Package Sys.*, 451 F.Supp.2d 731, 734 (D.Md. 2006); *see also United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006). The rule stems from a concern that arguments raised for the first time in a reply brief would prejudice the opposing party because it would not have an opportunity to respond. "However, the power to decline consideration of such arguments is discretionary, and courts are not precluded from considering such issues in appropriate circumstances." *Id.*; *see also United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003)(reaching an issue first raised in a reply where the counterarguments were addressed in the opposition).

4

> of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. 1441(a). 28 U.S.C. § 1332(a), which defines diversity jurisdiction in federal courts, states in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states."

While Plaintiff and Defendants are citizens of different states and the amounts in controversy in these cases exceed $75,000, Plaintiff raises the issue of whether Maryland's law limits this court's jurisdiction. The Maryland mechanic's lien statute, states in pertinent part, "In order to establish a lien under this subtitle, a person entitled to a lien shall file proceedings in the circuit court for the county where the land or any part of the land is located . . ." Md. Code Ann., Real Prop. §9-105(a). Plaintiff reads this statute to confer exclusive jurisdiction on the Maryland circuit courts, but such a restraint on the federal courts' jurisdiction would be unconstitutional.

5

In *Railway Co. v. Whitton's Admin*. 80 U.S. 270, 286 (1871), the Supreme Court of the United States explained:

> In all cases, where a general right is thus conferred, it can be enforced in any Federal court within the State having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court. The statutes of nearly every State provide for the institution of numerous suits, such as for partition, foreclosure, and the recovery of real property in particular courts and in the counties where the land is situated, yet it never has been pretended that limitations of this character could affect, in any respect, the jurisdiction of the Federal court over such suits where the citizenship of one of the parties was otherwise sufficient. Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation.

The United States Court of Appeals for the Fourth Circuit adhered to this longstanding precedent in *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961), in which the court noted:

> The jurisdiction of the United States District Courts is fixed by the Congress, its acts being in implementation of Article 3, Section 2 of the United States Constitution. . . . The cases in the diversity jurisdiction involve rights created by a state, rights which are subject to definition, limitation and, frequently,

6

> negation by the state. The fact that the substantive right is a creature of the state, however, does not suggest that the state may deny the judicial power the states conferred upon the United States when they ratified the Constitution or thwart its exercise within the limits of congressional authorization. In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.
>
> It became axiomatic, therefore . . . that whenever there was a substantive right enforceable in a judicial proceeding in any court of the state, it was enforceable in the courts of the United States if the controversy was between citizens of different states and involved the minimum amount of money.

The Fourth Circuit applied these principles to conclude that a federal court had jurisdiction in a case in which the plaintiff argued that a West Virginia mechanic's lien statute allocated jurisdiction to a particular West Virginia state court. *See Schmulbach v. Caldwell et al.* 196 F. 16 (4th Cir. 1912). In *Schmulbach*, the court stated:

> It is elementary learning that in cases such as this the jurisdiction is based not upon the character of the right to be enforced, but the diverse citizenship of the parties. The federal court, in such cases, administers the state law, as found in the state statutes and construed by the state court. The contention of the learned counsel that, because the state statute confers jurisdiction upon the chancery court of the county in which the notice of lien is filed,

7

> therefore the jurisdiction of the federal court is excluded, would carry us to a conclusion which would oust the jurisdiction of the federal court in almost, if not every, statutory right or cause of action, because in every case the special statute or the Code of Procedure of each state prescribes the state court in which suits shall or may be brought for their enforcement.

*Id.* at 20-21.

Here, as in *Schmulbach*, the state's mechanic's lien statute may not confer jurisdiction on a particular state court to deprive federal courts of jurisdiction in diversity cases. Plaintiff may enforce its rights in this court, so its cases will not be remanded for lack of subject matter jurisdiction.

Likewise, abstention is unnecessary in these cases under the *Princess Lida* or *Burford* doctrines. The Fourth Circuit summarized the *Princess Lida* doctrine in *Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2002):

> According to the *Princess Lida* doctrine, a federal court may not exercise jurisdiction when granting the relief sought would require the court to control a particular property or res over which another court already has jurisdiction. *See Princess Lida,* 305 U.S. at 465-67, 59 S.Ct. 275; *Dailey v. National Hockey League,* 987 F.2d 172, 175-76 (3d Cir. 1993). In order for the *Princess Lida* doctrine to apply, the two courts must be exercising jurisdiction over the same res. *See Dailey,* 987 F.2d at 175-76.

The existence of parallel suits in state and federal court is a threshold requirement of the *Princess Lida* doctrine. The doctrine is inapplicable here because removal to federal court extinguished the Plaintiff's claims in the Maryland circuit courts.

Under the *Burford* doctrine, a federal court should abstain

> When federal adjudication would unduly intrude upon complex state administrative processes because either: (1) there are difficult questions of state law . . . whose importance transcends the result in the case then at bar, or (2) federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007)(internal marks omitted). A court considering abstention under *Burford* "must balance the state and federal interests to determine whether the importance of difficult state law questions or the state interest in uniform regulation *outweighs* the federal interest in adjudicating the case at bar." *Id*. (emphasis in original)(citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989)).

Maryland's mechanic's lien statute is a relatively uncomplicated area of state law that this court is well

9

qualified to decipher.[2]  Furthermore, any potential delay that may result from adjudicating these claims in federal court will not be overly disruptive of Maryland's efforts to establish a coherent mechanic's lien policy.  Therefore, there is no need for this court to abstain from hearing these claims under the *Burford* doctrine.

Plaintiff additionally requests an award of attorney's fees, under 28 U.S.C. § 1447 (c).  Because these cases will not be remanded, Plaintiff's motions for costs will be denied.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motions to remand and for costs will be denied.  A separate Order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[2] In arguing for abstention, Plaintiffs rely on *Ives v. Advanced Broadband Solutions, Inc.*, No. 03-0848 (DKC), 2004 U.S. Dist. LEXIS 968 (D.Md. Jan. 23, 2004), where this court abstained from adjudicating a Virginia corporate dispute. Unlike Maryland's mechanic's lien statute, Virginia corporate governance is a complex matter of substantial public import. Virginia also has a strong interest in retaining the power to govern the internal affairs of its corporations, something Maryland lacks with regard to its mechanic's lien laws.